IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| KRISTEE RAE LANG,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF BILLINGS (STATE OF MONTANA), UNIVERSITY SYSTEM, and the BILLINGS POLICE DEPARTMENT,<br><br>Defendants. | Cause No. CV 13–0003–BLG-RFC-CSO<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS |

On January 8, 2013, the Court issued an Order allowing Ms. Lang to file an Amended Complaint. *DKT 3*. Ms. Lang filed her Amended Complaint on February 7, 2013 (*DKT 10)*, a supplement on March 6, 2013 (*DKT 11*), and a supplement on March 25, 2013 *(DKT 12)*. The Court will now complete the prescreening process pursuant to 28 U.S.C. § 1915(e)(2)(B).

I. STATEMENT OF CASE

    A.    **Parties**

Plaintiff Kristee Rae Lang is a pro se litigant residing in Billings,

-1-

Montana. Ms. Lang did not use the form provided to her for filing her Amended Complaint and did not list defendants in a traditional fashion. The Court has liberally construed her Amended Complaint to name the following Defendants: State of Montana Department of Revenue, Billings Clinic Deaconess Psychiatric Hospital, the Mental Health Center, St. Vincent Healthcare, State of Montana Child Support Enforcement, St. Vincent Behavioral Health, Billings Clinic Behavior Health, State of Montana Vocational Rehabilitation, Disability Rights Montana, YMCA, and the Social Security Office. *DKT 10.* In her second supplement Ms. Lang names the United States Postal Service, the City of Billings Police Department, and the Justice System–Montana and Federal Government. *DKT 12.*

**B. Allegations**

It is clear that Ms. Lang has tried to explain what each of the Defendants has allegedly done to injure her. But she has not stated a federal cause of action.

In the first numbered paragraph of her Amended Complaint, Ms. Lang lists the State of Montana Department of Revenue as a defendant

followed by the dates of 1975-1977. But in the paragraph under this listing, Ms. Lang describes an accident that occurred in the Yellowstone County Courthouse. There are no specific allegations against the Department of Revenue. *DKT 10, p. 1.*

In numbered paragraph two, Ms. Lang lists Billings Deaconess Psychiatric Hospital. *DKT 10, p. 1.* She indicates that when she was in their care she was given medication that made her sick. She wishes "they would have been smart enough to have just talked to and with [her]." *Id. at 2.*

In her third numbered paragraph, Ms. Lang lists the Mental Health Center where she "was not treated for injuries but received treatment." *Id.* She contends they never showed any concern for her physical well being. She alleges one doctor's first words to her were, "Your [*sic*] fat." *DKT 10, p. 2, ¶ 3.* She contends she was put down and degraded because of their ignorance.

In numbered paragraph four, Ms. Lang names St. Vincent Health Center as a Defendant followed by the dates of 1995-1998. *DKT 10, p. 2, ¶ 4.* She again alleges that she was not treated well. She contends

St. Vincent's failed to follow-up on her injury and if they had, the care was minimal. She also contends that after buying a car in 2002 or 2003, her memory started to return and she returned to the Heights office but "was just 'put into action', by the doctors who were supposed to be treating" her. *DKT 10, p. 2, ¶ 4.* She alleges that at one point she went to a walk-in clinic and they did some sort of scan on her brain but it did not solve her neck injury. *DKT 10, p. 2, ¶ 4.*

In her fifth-numbered paragraph, Ms. Lang names the State of Montana Child Support Enforcement followed by the dates 6/2004 - 10/2004. *DKT 10, p. 3, ¶ 5.* She alleges she was hired to work there and was trying to learn her assigned work but that was made impossible by the behavior of people she was taught to respect. She contends an employee was allowed to "act hostile," she did not receive the proper training, and the environment was hostile and not supportive. Her job ended there on October 8, 2004. *DKT 10, p. 3, ¶ 5.*

In numbered paragraph six, Ms. Lang alleges that before being in the accident which happened on January 10, 2005, she had tried to receive help from St. Vincent Behavioral Health, Billings Clinic

Behavioral Health, and the Mental Health Center. *DKT 10, p. 3, ¶ 6.* She alleges that none of these agencies was able to communicate with her well enough to help. *DKT 10, p. 3, ¶ 6.*

In the seventh-numbered paragraph, Ms. Lang names the State of Montana Vocational Rehabilitation. *DKT 10, p. 4, ¶ 7.* Ms. Lang states the second time she did testing for them was in May 2011. She had apparently tried to work with them before. She repeatedly tried to receive help there so she could work and eventually be able to support herself. She was told she did not cooperate but she contends she did.

In her eighth-numbered paragraph, Ms. Lang names Disability Rights Montana. *DKT 10, p. 4, ¶ 8.* She states she called them and asked for help. She alleges the Director retired and a young girl was hired to take his place. Ms. Lang contends she could not work with the new director because she did not have experience and Ms. Lang was not about to train her with talk about the way she had been treated by the people in the health care field and in government. Ms. Lang contends she was disrespectful. *DKT 10, p. 4, ¶ 8.*

Mr. Lang also describes how the YWCA in Billings ignored her

pleas for help.  *DKT 10, p. 5.*  Lastly, Ms. Lang mentions the Social Security Office because one of their employees told her that "sometimes we have to learn new ways of thinking."  She also states she tried to call the Social Security Office in Denver but it "didn't seem right."  *DKT 10, p. 5.*

In her latest supplement, Ms. Lang seeks to add the United States Postal Service, the City of Billings Police Department, and the Justice System of the Montana and Federal governments.  *DKT 12*.  However, Ms. Lang makes no specific allegations against these entities.  She only states that they could have been nice if they had not been hooked up electronically and if they would not have been allowed to think they were above the law.  *DKT 12, p. 1*.

## II.  PRESCREENING ANALYSIS

Ms. Lang filed a similar lawsuit in 2009 raising many of the same allegations against the same defendants, alleging that they had not given her the help that she needed.  That case was dismissed for failure to state a claim.  For many of the same reasons, this Complaint should also be dismissed.

## A. Statute of Limitations

Several of Ms. Lang's claims are barred by the applicable statute of limitations. The applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions. *Wilson v. Garcia*, 471 U.S. 261 (1985). In Montana, the statute of limitations period is three years after the action accrues. *Mont. Code. Ann.* § 27-2-204(1). Ms. Lang filed her original Complaint on January 7, 2013. Therefore, she cannot bring any personal injury claims which occurred prior to January 7, 2010. Ms. Lang indicates her claims against the State of Montana Department of Revenue arose between 1975 and 1977, her claims against St. Vincent Health Care arose between 1995 and 1998, her claims against the State of Montana Child Support Enforcement arose between June 2004 and October 2004 and her claims against St. Vincent Behavioral Health, Billings Clinic Behavioral Health, and the Mental Health Center arose prior to January 10, 2005. These claims (numbered paragraphs 1, 4, 5, and 6) are all barred by the applicable statute of limitations.

## B. State Agencies

Ms. Lang brings claims against the State of Montana Vocational Rehabilitation for incidents which may have occurred within the applicable statute of limitations but those claims are barred by the Eleventh Amendment to the United States Constitution. All state officers or agencies are protected from monetary damages by immunity under the Eleventh Amendment. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI; *see also Edelman v. Jordan*, 415 U.S. 651, 664 (1974). The United States Supreme Court has interpreted this amendment to mean that absent waiver, neither a State nor an agency of the State acting under its control may "be subject to suit in federal court." *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-101 et seq. The State of Montana

Vocational Rehabilitation Office is part of the Montana Department of Public Health and Human Services. As such, it is protected from monetary damages by the Eleventh Amendment.

One exception to the general prohibition of the Eleventh Amendment is that it does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *Idaho v. Couer d'Alene Tribe*, 521 U.S. 261 (1997). Ms. Lang does not appear to seek injunctive relief. Her claims against Montana Vocational Rehabilitation should be dismissed.

### C. State Action

The Court cannot discern a federal cause of action in paragraph 2 (against Billings Deaconess Hospital), paragraph 3 (against the Mental Health Center), or against the YWCA. These are not government agencies and Ms. Lang has not alleged that these Defendants are "person[s] acting under color of state law." *West v. Atkins*, 487 U.S. 42 (1988). The Bill of Rights does not prohibit acts of private persons, *Public Utilities Comm'n v. Pollak*, 343 U.S. 451, 461-62 (1952), however discriminatory or wrongful. *District of Columbia v. Carter*, 409 U.S.

418, 422-23 (1973). The "color of state law" requirement is a condition precedent to stating a § 1983 claim. It arises from the specific language of § 1983 and the nature of the Fourteenth Amendment itself. Section § 1983 regulates only state and local government conduct, it does not reach purely private conduct. Ms. Lang cannot bring a federal cause of action against a private entity (lacking diversity of citizenship) for failure to treat her properly. The allegations that these entities failed to provide Ms. Lang with the help she needed do not state a cause of action arising under the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 1331. If Ms. Lang has any claim, it would have to come under Montana state law

### D. Remaining Claims

To the extent Ms. Lang has any claims against the remaining defendants she has failed to state a federal claim upon which relief may be granted. Ms. Lang seems to be seeking liability against Defendants for failing to treat her properly. Ms. Lang has pointed to no federal statute that requires state and local government agencies to treat people in a certain manner and the court is aware of none. While there

are federal statutes which prohibit the denial of services for discriminatory reasons, there is no discernable allegation of discrimination in Ms. Lang's amended complaint.

To the extent Ms. Lang claims that the manner in which Defendants treated her violated the Constitution, these claims fail under *Deshaney v. Winnebago County Department of Social Services*, 489 U.S. 189 (1989). In *Deshaney*, the Supreme Court held that the Due Process Clause does not confer any "affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *Id.* at 196.

## III. CONCLUSION

### A. Leave to Amend

For the reasons set forth above, the claims in Ms. Lang's Amended Complaint are barred by the statute of limitations, by the Eleventh Amendment, or they simply fail to state a federal claim upon which relief may be granted. The Court has already allowed Ms. Lang an opportunity to file an amended complaint. Moreover, the defects set

forth above could not be cured by the allegation of other facts. As such, Ms. Lang's case should be dismissed.

### B. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact.

*Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

Ms. Lang's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

**C. Address Changes**

At all times during the pendency of these actions, Ms. Lang SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. Ms. Lang's Complaint and Amended Complaint should be **DISMISSED WITH PREJUDICE** for the reasons set forth herein.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil

Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Ms. Lang may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Ms. Lang files objections, she must itemize each factual finding to which objection is made and identify the evidence in the record she relies on to contradict that finding. In addition, she must itemize each recommendation to which objection is made and set forth the authority she relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these

Findings and Recommendations may preclude Ms. Lang from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made but the judge is not required to consider new evidence. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 25th day of April, 2013.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge